IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY**, | ) ) ) |
| Defendant-Appellant | ) ) |
| vs. | )  2:09cv11 )  **Electronic Filing** |
| **DAVID E. EVANS**, **MARY ANNE EVANS**, and **RONDA J. WINNECOUR**, Chapter 13 Trustee, | ) ) ) ) |
| Plaintiffs-Appellees. | ) |

MEMORANDUM OPINION

August 13, 2009

**I.   INTRODUCTION**

Before the Court is an appeal by Deutsche Bank National Trust Company ("Deutsche Bank") from an order of the United States Bankruptcy for the Western District of Pennsylvania avoiding the lien of a mortgage held by Deutsche Bank on the residence of appellees, David E. Evans ("David") and Mary Anne Evans ("Mary Anne" together the "Evans"), husband and wife. This Court has jurisdiction of the appeal from the final order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).

**II.   STATEMENT OF THE CASE**

On February 2, 2004, the Evans purchased a home in Greene County, Pennsylvania, taking title to the property as tenants by the entireties by two (2) deeds which identified the grantees as "David E. Evans and Mary Anne Evans, husband and wife." The deeds were recorded with the Recorder of Deeds for Greene County on March 22, 2004. To finance the purchase, David executed a mortgage to Argent Mortgage Company on February 2, 2004, together with a promissory note in the principal amount of $63,000.00. Deutsche Bank is the current holder of the mortgage.

The parties agree that Mary Anne had knowledge of, and consented to, the granting of the

mortgage, however, she never signed either the mortgage or the promissory note.  Only David signed the mortgage as mortgagor.  The mortgage was recorded with the Greene County Recorder of Deeds on February 24, 2004.

On February 1, 2007, the Evans filed a joint petition for relief under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court").  Deutsche Bank, as holder of the mortgage and promissory note, filed a secured proof with the Bankruptcy Court on February 20, 2007.  The Evans and the Chapter 13 Trustee, Ronda J. Winnecour (the "Trustee"), brought an adversary proceeding with the Bankruptcy Court seeking a declaration that the mortgage was unenforceable and subject to avoidance pursuant to the Trustee's "strong arm" powers set forth in 11 U.S.C. § 544(a). The Bankruptcy Court held that the mortgage was invalid, thus making the lien interest and claim held by Deutsche Bank wholly unsecured, and effectively avoiding the mortgage lien.

### III.    STANDARD OF REVIEW

This Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  In undertaking a review of the issues on appeal, a district court applies a clearly erroneous standard to a bankruptcy court's findings of fact – "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous…." *See* Federal Rule of Bankruptcy Procedure 8013.  In this instance, the Bankruptcy Court did not hold an evidentiary hearing, the parties agreed, instead, to submit the case upon a stipulation of facts.  Therefore, the only issues presented in this appeal are questions of law.  The legal conclusions of a bankruptcy court are subject to plenary review. *In re Continental Airlines*, 125 F.3d 120, 128 (3d Cir. 1997); *see also In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

**IV.    DISCUSSION**

    A.    <u>Pennsylvania Entireties Law and the "Entireties Presumption"</u>

The Trustee, and the Evans, argue that Deutsche Bank's mortgage is not enforceable on its face because, though the Evans held title to the property as tenants by the entirety, only David Evans executed the mortgage. The Trustee contends that the mortgage is defective and is void by operation of the Statute of Frauds. The Bankruptcy Court, like several Pennsylvania Bankruptcy Courts[1] previous, held that the lien of Deutsche Bank's mortgage was unenforceable, and the Bank's interest was wholly unsecured. Based on the reasons that follow, this Court disagrees with the ruling of the Bankruptcy Court, will reverse, and find the mortgage at issue is fully enforceable and cannot be avoided by the Trustee.

The Court of Appeals for the Third Circuit reviewed two Chapter 7 bankruptcy cases in which the appellant debtors sought exemptions under 11 U.S.C. § 522(d)(5) for property held in tenancy by the entireties, and in so doing reviewed the basic principles of Pennsylvania's entireties laws that are relevant to the issues herein. *See In re Bannon*, 476 F.3d 170 (3d Cir. 2007).

In Pennsylvania, a tenancy by the entireties is a form of co-ownership of real or personal property by husband and wife. *In re Bannon*, 476 F.3d at 173. It is a venerable common law doctrine of ancient vintage, based on the legal fiction that husband and wife are one person. *Id.* The essential characteristic is that "each spouse is seised *per tout et non per my*, *i.e.*, of the whole or the entirety and not of a share, moiety or divisible part." *Id. quoting In re Gallagher's Estate*, 43 A.2d 132, 133 (Pa. 1945). The Court further quoted a Pennsylvania treatise on conveyances:

> [H]usband and wife are looked upon, together, as a single entity, like a corporation. The single entity is the owner of the whole estate. When the husband or wife dies, the entity continues, although it is now composed of only one natural person rather than two.

---

[1]  Such cases include: *In re Kostelnik*, 362 B.R. 215 (Bankr. W.D. Pa. 2007); *In re Carnes*, 331 B.R. 229 (Bankr. W.D. Pa. 2005); and *In re Johnston*, 333 B.R. 724 (Bankr. W.D. Pa. 2005) *reversed* 2007 U.S. Dist. LEXIS 98097 (W.D. Pa. January 29, 2007).

*In re Bannon*, 476 F.3d at 173 *quoting* LADNER ON CONVEYANCING IN PENNSYLVANIA, § 1.08 at 16 (John Makdisi, ed., rev. 4th ed. 1979). The treatise further explains, "neither tenant by the entirety owns any undivided share at all; both together, as a single entity, own the whole, or entire, estate." *Id.*

In *Madden v. Gosztonyi Savings & Trust Co.*, 200 A. 624 (Pa. 1938), Chief Justice Kephart of the Supreme Court of Pennsylvania recognized that "either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of entireties, without any specific authorization, provided the fruits or proceeds of such action inures to the benefit of both and the estate is not terminated." *Madden v. Gosztonyi Savings & Trust Co.*, 200 A.2d at 630-31. A spouse, therefore, may act on behalf of both spouses with respect to entireties property as long as the tenancy remains intact. *See In re Bannon*, 476 F.3d at 173. A tenancy remains intact unless severed only by the death of one of the spouses, or by "joint conveyance of the estate, divorce, or mutual agreement, either express or implied." *Id.* at 173-174 *quoting Clingerman v. Sadowski*, 519 A.2d 378, 381 (Pa. 1986) (internal citations omitted). This presumption that either tenant by the entirety may, without specific consent, act on behalf of both tenants in certain instances shall be referred to as the "entireties presumption."

In this instance, Mary Anne had knowledge of, and consented to, the granting of the mortgage executed only by her husband, David. The purchase money mortgage was used to complete the purchase of the family home. The benefit of the mortgage, therefore, inured to both David and Mary Anne, and the transaction did not divest the entireties property from the marital estate. It certainly appears to this Court that the entireties presumption should apply in this instance. The Bankruptcy Court, however, held that the mortgage was unenforceable because it failed to satisfy the Statute of Frauds.

      B.      <u>The Statute of Frauds and its Application</u>

The Statute of Frauds, in relevant part, provides:

> [N]o leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall, at any time after the said April 10, 1772, be assigned, granted or surrendered, unless

>it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law.

33 PA. CONS. STAT. § 1.  As argued by Deutsche Bank, the Statute of Frauds does not expressly mention mortgages as a conveyance covered by the Statute, while leases are the first conveyance mentioned in the text of the Statute.  Notwithstanding the express protection of leases under the Statute, Pennsylvania courts have expressly found that one spouse alone may execute a lease of entireties property "for the benefit of both." *See O'Malley v. O'Malley*, 272 Pa. 528, 533 (1922); *Gasner v. Pierce*, 286 Pa. 529, 533, 535 (1926); *Schweitzer v. Evans*, 63 A.2d 39 (Pa. 1949); *Wallaesa v. Wallaesa*, 174 Pa. Super. 192, 197 (1953); *Wakefield v. Wakefield*, 149 Pa. Super. 9, 13 (1942); *Lohmiller v. Gotwals*, 150 Pa. Super. 539 (1942).

This validation of the entireties presumption was further enforced by the Supreme Court of Pennsylvania in *Zlotziver v. Zlotziver*, 49 A.2d 779, 781 (Pa. 1946).  In enforcing an oral separation agreement to convey real estate, despite an argument that the agreement was unenforceable under the Statute of Frauds, the Court stated:

>The statute of frauds . . . does not absolutely invalidate an oral contract relating to land but is intended merely to guard against perjury on the part of one claiming under the alleged agreement.  Accordingly, if the title holder admits, either in his pleadings or his testimony, that he did in fact enter into the contract, the purpose of the statute of frauds is served and the oral agreement will be enforced by the court.

*Zlotziver v. Zlotziver*, 49 A.2d at 781 (citing *Sferro v. Urling*, 195 A. 422, 425-426 (Pa. 1937); *Williams v. Moodhard*, 19 A.2d 101, 104-105 (Pa. 1941); *Shaffer v. Shaffer*, 23 A. 2d 883, 885 (Pa. 1942)).  The Bankruptcy Court agreed that, based upon *Zlotziver*, Mary Anne's acknowledgment of consent to the mortgage would be sufficient to maintain the validity of the mortgage. *See In re Evans*, 397 B.R. 744, 750 (Bankr. W.D. Pa. 2008). However, based upon its reading of two subsequent Pennsylvania Supreme Court cases, *Schweitzer v. Evans*, 63 A.2d 39 (Pa. 1949) and *Peterson v. Chandler*, 66 A.2d 284 (Pa. 1949), the Bankruptcy Court determined that the holding in *Zlotziver* may no longer be applicable, and that "a more strict application of

the Statute of Frauds" is required[2]. *In re Evans*, 397 B.R. at 750.

In *Schweitzer*, Schweitzer and Evans were sisters, each seeking possession of the family home. Their parents were owners as tenants by the entireties of the premises and lived there with their two daughters from 1925 to 1943. *Schweitzer v. Evans*, 63 A.2d at 40. The parents then became estranged and the parties' father left the home together with plaintiff, Schweitzer, while the mother and defendant, Evans, continued to reside in the family home. *Id.* On May 5, 1946, the mother died and, two days later, the father, becoming sole owner of the premises as surviving tenant by the entireties, conveyed the premises by deed to Schweitzer. *Id.* Evans refused to move from the premises and Schweitzer brought an action in ejectment to obtain possession. *Id.*

Evans contended that prior to her mother's death, her mother had executed and delivered to her a lease of the premises for a minimum period of 25 years. *Id.* All parties agree that the co-tenant did not sign the purported lease. The court entered judgment for Schweitzer for possession of the premises and Evans appealed. In affirming the judgment, the Supreme Court of Pennsylvania recognized that:

> either spouse presumptively has the power to act for both, so long as the marriage subsists, without any specific authorization, provided the fruits or proceeds of such action inure to the benefit of both, and therefore if the husband or the wife undertakes to lease the property the other may, either expressly or tacitly, acquiesce therein and assert a right to share equally in the rents derived therefrom.

*Schweitzer v. Evans*, 63 A.2d at 40. The surviving spouse in *Schweitzer* did not acquiesce in the lease, but in fact repudiated the action of his deceased co-tenant. Further, the Court found that the survivor husband did not seek to share in any benefits of the alleged lease as the lease actually interfered with his interest in the premises. *Id.* Therefore, the entireties presumption failed and the Statute of Frauds invalidated the attempted lease. The opinion made no mention of *Zlotziver*, and is completely consistent with its holding, as well as the application of the entireties

---

[2] It should be noted that the only court since 1946 to criticize or question the Pennsylvania Supreme Court's holding in *Zlotziver* was the Bankruptcy Court in the instant case.

presumption, as there was no evidence that the surviving tenant entered into, benefitted from, or acquiesced in, the lease signed by his spouse.

In *Peterson v. Chandler*, *supra.*, the wife refused to join in a conveyance of entireties real estate executed only by the husband, and although it was alleged that she had orally given permission to sell the real estate, the Court would not allow the wife to be precluded unless this authority was given in writing because of the Statute of Frauds. *Peterson v. Chandler*, 66 A.2d at 285. Similar to *Schweitzer*, the court found no evidence that the wife had consented to, or was aware of, the agreement to sell the property. The entireties presumption was not applicable in this instance, and had no bearing on the outcome. The Court relied upon the premise, also set forth in *Schweitzer*, that there is no general agency arising from the marital relationship nor any presumption flowing therefrom that either spouse has authority to convey real estate held by the entireties without the other's joinder therein. *Peterson v. Chandler*, 66 A.2d at 285; *Schweitzer v. Evans*, 63 A.2d at 41.

The clear object of the Statute of Frauds "is to prevent the assertion of verbal understandings in the creation of interests or estates in land and to obviate the opportunity for fraud and perjury. It is not a mere rule of evidence, but a declaration of public policy." *Kurland v. Stolker*, 533 A.2d 1370, 1372 (Pa. 1987). Its purpose, therefore, is to avoid the opportunity for fraud and perjury likely to arise from oral conveyances of estates in land. *Holland Furnace Company v. Keystone Dehydrating Company*, 30 A.2d 872, 874 (Pa. Super. 1943). The Pennsylvania Supreme Court has stated "[w]here perjury or fraud is impossible, there is no room for the statute . . ." *Schuster v. Pennsylvania Turnpike Com.*, 149 A.2d 447, 451 n.11 (Pa. 1959) *quoting Christy et al. v. Brien et al.*, 14 Pa. 248, 250 (1850). Moreover, the Statute is to be used as a shield and not as a sword,[3] as it was designed to prevent fraud. *Valvano v. Galardi*, 363 Pa.

---

[3] The Court of Appeals for the Third Circuit has stated "Pennsylvania courts have declared that the purpose of the statute of frauds is to shield persons with interests in land from being deprived of those interests by perjury, not to arm contracting parties with a sword they may use to escape bargains they rue." *Flight Sys. v. Electronic Data Sys. Corp.*, 112 F.3d 124, 128 (3d Cir. 1997).

Super. 584, 591 (Pa. Super. 1987); *Fannin v. Cratly*, 480 A.2d 1056, 1059 (Pa. Super. 1984).

      C.      <u>The Proper Analysis Under Pennsylvania Law</u>

Based on the directives of the Pennsylvania courts, this Court finds the line of bankruptcy court cases relied upon by the Trustee, the Evans, and the court below to be incorrect and incomplete in their analysis. The proper analysis in such cases requires: (1) a determination of whether the entireties presumption is properly applicable; and (2) if so, a determination that the specific application of the entireties presumption complies with the purpose and policies of the Statute of Frauds. In applying such analysis in the instant case, it is clear to this Court that the mortgage is valid and enforceable, and because there is no contention of fraud or perjury, the Statute of Frauds cannot be used as a sword to invalidate its effect.

In analyzing the issues of *In re Carnes*, 331 B. R. 229 (Bankr. W.D. Pa. 2005), an action which also resulted in the invalidation of a mortgage on entireties property signed by only the husband, the Bankruptcy Court acknowledged the existence of the entireties presumption stating: "[t]here is . . . a well established presumption under Pennsylvania law that during the term of the marriage, either spouse has the power to act for both, without specific authorization, so long as the benefits inure to both." *Id.* at 232. The court also made the assumption that the wife was aware of and consented to the mortgage obtained by her husband for the purchase of their residence, and that such mortgage inured to the benefit of both tenants. *Id.*

With little analysis, however, the *Carnes* court then found that the mortgage was unenforceable under Pennsylvania law and therefore, subject to successful challenge by a bonafide purchaser. *Id.* It appears such finding was based upon the following quotation from an unpublished opinion of a Pennsylvania Bankruptcy Court:

> The . . . loan documents implicate an additional hurdle not traversed by that Defendant, *i.e.*, the statute of frauds. 33 P.S. § 1. A mortgage is a conveyance of land. *Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34, 38 (3d Cir. 1993). The authority to execute a conveyance of land must be in writing. *Lehner v. Montgomery*, 180 Pa. Super. 493, 119 A.2d 626 (1956); *Rosenblum v. New York Cent. R. Co.*, 162 Pa. Super. 276, 57 A.2d 690 (1948); *Lauffer v. Vial*, 153 Pa. Super. 342, 33 A.2d 777 (1943). The absence of a "signed statement" vesting authority to execute the mortgage in another renders the mortgage

> unenforceable. *Del Borrello v. Lauletta*, 455 Pa. 350, 352, 317 A.2d 254, 255 (1974).

*Id.* quoting *In re Nespoli*, 1998 Bankr. LEXIS 1666, 1998 WL 918878 (Bankr. M. D. Pa., July 17, 1998).

The final sentence of the above-quote: "The absence of a 'signed statement' vesting authority to execute the mortgage in another renders the mortgage unenforceable," attributed to the Supreme Court in *Del Borrello v. Lauletta*,[4] is incorrect. *Del Borrello v. Lauletta* had absolutely nothing to do with a mortgage. The issue in *Del Borrello* was "whether an 'option to purchase' clause contained in a lease of realty is enforceable against a husband and wife holding title to the premises as tenants by the entireties, when only the []deceased husband had signed the lease." *Del Borrello v. Lauletta*, 455 Pa. at 351; 317 A.2d at 254-255. The entireties presumption was inapplicable in *Del Borrello* because the validation of the option to purchase would have resulted in a severance of the estate. Moreover, there was no admission by the wife that she was aware of or consented to the option to purchase in the lease. The court found the **"option to purchase"** unenforceable under both Pennsylvania case law and the Statute of Frauds. *Del Borrello v. Lauletta*, 455 Pa. at 352; 317 A.2d at 255(emphasis added).

The Trustee also relies upon *In re Kostelnik*, 362 B.R. 215 (Bankr. W. D. Pa. 2007), arguing that the court "boldly' held that the a mortgage executed by only was spouse was defective. This Court gives little, if any, weight to *Kostelnik*, as the court, in so holding, did no analysis of Pennsylvania law regarding the entireties presumption or the application of the Statute of Frauds. It simply relied on the holding of *Carnes*, stating:

> The Court must so hold . . . because . . . the [wife] indisputably failed to ever execute the Mortgage, and . . ., absent such execution by the [wife], she could not have granted a mortgage via the Mortgage, *see* 33 P.S. § 1 (Purdon's 2007); *In re Carnes*, 331 B.R. 229, 232-233 (Bankr. W. D. Pa. 2005).

*In re Kostelnik*, 362 B.R. at 217. Similarly, the District Court in the case of *In re Johnston*,

---

[4] In finding the mortgage in the instant action to be invalid, the Bankruptcy Court also cited *Del Borrello v. Lauletta* as one of the cases that undermined the holding in *Zlotziver*. As set forth above, however, *Del Borrello* clearly has no impact on *Zlotziver*'s holding.

*supra.*, did no analysis of the relevant Pennsylvania law in agreeing with the Bankruptcy Court's finding that a mortgage signed by only one spouse was invalid. The Court merely stated: "It is clear from the record that the mortgage in question is invalid as it attempted to convey a tenancy by the entireties property, through conveyance by the Debtor, but without conveyance by his then-wife." *In re Johnston*, 2007 U.S. Dist. LEXIS 98097 *11. Again, this Court gives little weight to the Trustee's reliance on *In re Johnston*.

This Court further agrees that Pennsylvania's recording statute has no bearing on this action. There is no question that the mortgage at issue was properly recorded. The question is whether the mortgage, as executed, binds Mary Anne Evans by reason of her consent to and enjoyment of the benefits of the mortgage. Based on the above analysis, this Court has determined that the entireties presumption applies in this instance and the Statute of Frauds cannot be used to invalidate the mortgage at issue.

### D. The Trustee Cannot Avoid the Mortgage

Section 544(a) of the Bankruptcy Code, the "strong arm" clause, defines the trustee's powers over rival creditors. Section 544 provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a). "[T]he scope of these avoidance powers vis-a-vis third parties is governed entirely by the substantive law of the state in which the property in question is located as of the bankruptcy petition's filing." *In re Bridge*, 18 F.3d 195, 200 (3d Cir. 1994).

Under Pennsylvania law, a bonafide purchaser for value is defined as one who takes title to property without notice, actual or constructive, of any claim to the property. *R.A. Beck*

*Builders, Inc. v. Schmitt*, 66 B.R. 666, 670 (Bankr. W.D. Pa. 1986); *Long John Silver's, Inc. v. Fiore*, 386 A.2d 569, 573 (Pa. Super. 1978). *See also McCannon v. Marston*, 679 F.2d 13, 15-16 (3d Cir. 1982). The Trustee herein is provided the rights of a hypothetical bonafide purchaser as set forth in 11 U.S.C. § 544(a)(3). As a hypothetical purchaser, the Trustee is "deemed to have conducted a title search of the property, paid value for the property, and perfected his/her interest as of the date of commencement of the case." *In re Speer*, 328 B.R. 699, 703 (Bankr. W.D. Pa. 2005)(citing *In re Sosnowski*, 314 B.R. 23 (Bankr. D. Del. 2004)).

Based solely on its finding that the duly recorded mortgage signed by only one spouse was unenforceable, the court in *Carnes* held that "[§] 544 places the Trustee in the position of a bonafide purchaser for value and, therefore, the Property which was sold by the Trustee was not encumbered by the defective mortgage." *In re Carnes*, 331 B.R. at 233[5]. Similarly, the District Court in *Johnston* held: "the status of bona fide purchaser under Pennsylvania law is accorded to a . . . bankruptcy trustee as a purchaser for value of real property pursuant to 11 U.S.C. § 544 despite the fact that the trustee would be presumed to have constructive knowledge of a duly recorded, but clearly invalid mortgage . . ." *In re Johnston*, 2007 U.S. Dist. LEXIS 98097 *19.

This Court has removed the impediment on the mortgage at issue, finding that the entireties presumption applies and, with no danger of fraud in this instance, the policies of the Statute of Frauds will not override its application. The Trustee, therefore, had constructive notice of the duly recorded mortgage and cannot be considered a bonafide purchaser for value under Pennsylvania law. The mortgage is fully enforceable and cannot be avoided by the Trustee or the Evans.

---

[5] In its analysis, the court stated that: "[t]he pivotal question in this case is whether a mortgage on entireties property which is signed by only one spouse is enforceable." *In re Carnes*, 331 B.R. at 232.

- 11 -

## V. CONCLUSION

Based on the foregoing, the decision of the Bankruptcy Court holding Deutsche Bank's lien interest and claim to be wholly unsecured is reversed. The case shall be remanded to the Bankruptcy Court for further proceedings consistent with the rulings of this Court. An appropriate order follows.

Cercone, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY**, | ) <br> ) <br> ) |
| Defendant-Appellant | ) <br> ) |
| vs. | )     2:09cv11 <br> )     **Electronic Filing** |
| **DAVID E. EVANS**, **MARY ANNE EVANS**, and **RONDA J. WINNECOUR**, Chapter 13 Trustee, | ) <br> ) <br> ) <br> ) |
| Plaintiffs-Appellees. | ) |

### ORDER OF COURT

AND NOW, this 13th day of August, 2009, upon consideration of Deutsche Bank National Trust Company's appeal from the decision of the United States Bankruptcy Court for the Western District of Pennsylvania dated November 20, 2008, the response thereto, and the briefs filed in support thereof, in accordance with the Memorandum Opinion filed herewith,

IT IS HEREBY ORDERED that the decision of the Bankruptcy Court holding Deutsche Bank's lien interest and claim to be wholly unsecured is **REVERSED**. The instant case is hereby **REMANDED** to the Bankruptcy Court for further proceedings consistent with the rulings of this Court. The Clerk shall mark this case closed.

                                             s/ David Stewart Cercone
                                             David Stewart Cercone
                                             United States District Judge

cc:    George M. Cheever, Esquire
        K&L Gates LLP
        535 Smithfield Street
        Henry W. Oliver Building
        Pittsburgh, PA 15222-2312

        Daniel R. White, Esquire
        Zebley, Mehalov & White
        18 Mill Street Square
        P.O. Box 2123
        Uniontown, PA 15401

Richard J. Bedford, Esquire
Office of Chapter 13 Trustee
600 Grant Street
3250 U.S. Steel Tower
Pittsburgh , PA 15219